IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALINDA S. SMIDGA, FRANCES CURD, and KAYLA MANDENG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-01578-MJH |

**DEFENDANT SPIRIT AIRLINES, INC.'S MOTION TO DISMISS AND STRIKE FIRST CONSOLIDATED AMENDED COMPLAINT**

Defendant Spirit Airlines, Inc. ("Spirit"), by and through undersigned counsel, hereby files its Motion to Dismiss the First Consolidated Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Motion to Strike the First Consolidated Amended Complaint under Federal Rule of Civil Procedure 15. In support of this Motion, Spirit relies on the accompanying Memorandum of Law and its Request for Judicial Notice in Support of Motion to Dismiss the First Consolidated Amended Complaint, and the exhibits thereto.

Spirit moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs has not established a concrete harm arising from Spirit's alleged recording of their interactions on its website that could satisfy their burden to show an injury in fact under Article III. Spirit further moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have not alleged sufficient facts to state a claim under any of the causes of action pleaded, and their consent to Spirit's use of software to record their website interactions bars their claims as a matter of law. Further, their claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41371.

Spirit moves to strike the First Consolidated Amended Complaint because Plaintiffs had exhausted their ability to amend as of right under Rule 15, and they filed it without Spirit's written consent or leave of the Court. Indeed, following a meet and confer regarding Plaintiffs' intention to file an amended pleading, counsel for Spirit advised counsel for Plaintiffs that it was disinclined to consent to a further amendment, but would consider stipulating to the filing of a further amended complaint if given the opportunity to review Plaintiffs' proposed amended pleading. Counsel for Plaintiffs did not permit Spirit to review the proposed amended complaint—and indeed never responded to that email—but instead, nearly two weeks later, filed the unauthorized First Consolidated Amended Complaint. *See* Ex. A.

This motion is made following the conference of counsel that occurred on October 10, 2023 and November 6, 2023.

Dated: November 9, 2023

**GREENBERG TRAURIG, LLP**

/s/ *Brian T. Feeney*

**Brian T. Feeney (PA ID 78574)**
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(215) 988-7812
feeneyb@gtlaw.com

**Mark A. Salky, Esq.** (admitted pro hac vice)
**Jordanna Ishmael, Esq.** (admitted pro hac vice)
333 SE 2nd Ave., Ste. 4400
Miami, FL 33131
(305) 579-0816
mark.salky@gtlaw.com
ishmaelj@gtlaw.com

**Rebekah S. Guyon, Esq.** (admitted pro hac vice)
1840 Century Park East, Ste. 1900
Los Angeles, CA 90067-2121
(310) 586-7716
Rebekah.guyon@gtlaw.com

*Attorneys for Defendant Spirit Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2023, I electronically filed the foregoing Motion to Dismiss and Memorandum in Support using the CM/ECF System which will send notification of such filing to all counsel of record.

/s/ *Brian T. Feeney, Esq.*
Brian T. Feeney, Esq.