IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALINDA A. SMIDGA, FRANCES CURD, and KAYLA MANDENG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>Defendant. | 2:22-cv-1578<br><br>Judge Marilyn J. Horan |

## **MEMORANDUM ORDER**

Presently before this Court is Defendant's Motion to Strike Plaintiffs' First Consolidated Amended Complaint. (ECF No. 57). Defendant argues that The First Consolidated Amended Complaint should be stricken under Rule 15 because Plaintiffs violated Fed. R. Civ. P. 15(a)(2) by filing an amended pleading without Spirit's consent, without leave of court, and without a right to amend as a matter of course under Fed. R. Civ. P. 15(a)(1). In response, Plaintiffs contend that, given that this case has been consolidated and that two named plaintiffs have not amended their complaints, they are still within the bounds of Rule 15.

Rule 15 provides in relevant part as follows:

> (a) Amendments Before Trial.
>
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>>
>>> (A) 21 days after serving it, or
>>>
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>>
>> (2) Other Amendments. In all other cases, a party may amend its

1

> pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

Here, the Court acknowledges the unusual posture for this case. On July 5, 2023, this Court granted a joint motion to consolidate case and ordered the now-consolidated Plaintiffs to file a Consolidated Amended Complaint. (ECF No. 39). On August 21, 2023, Consolidated Plaintiffs filed their Consolidated Amended Complaint. (ECF No. 45). On October 5, 2023, Defendant filed a Motion to Dismiss. (ECF No. 50). On October 26, 2023, 21 days after Defendant filed its motion, Plaintiffs filed a First Consolidated Amended Complaint. (ECF No. 53).

Understandably, there has been some confusion as to whether Plaintiffs' First Amended Consolidated Complaint comports with Rule 15's requirements. Defendant, in addition to filing its Motion to Strike, concurrently filed a Motion to Dismiss. Plaintiffs, in its response to the Motion to Strike, has requested alternative relief to retroactively grant leave to file the First Consolidated Amended Complaint and to move forward with the disposition of Defendant's Motion to Dismiss.

In the interests of judicial efficiency for all, this Court grants retroactive approval for the Plaintiff to file its First Consolidated Amended Complaint, such that the same at ECF No. 53 is presently the operative pleading for the Plaintiff. Therefore, Defendant's Motion to Strike is denied.

Accordingly, Plaintiffs are directed to file their Response to the Defendant's Motion to Dismiss (ECF No. 57) on or before December 20, 2023. Any reply shall be filed on or before January 3, 2023.

3

SO ORDERED this 6th day of December 2023.

_____
Marilyn J. Horan
United States District Judge

cc:   All counsel of record